## SERVICE MUT. INS. CO. OF TEXAS v. BANKE.

### No. 11062.

Court of Civil Appeals of Texas. San Antonio.

Oct. 15, 1941.

Rehearing Denied Nov. 5, 1941.

Scott & Wilson, of Waco, for appellant.

Clifford Craig and E. P. Haney, both of Dallas, for appellee.

SMITH, Chief Justice.

This is a workmen's compensation case in which Lydia Banke, as beneficiary, recovered compensation for the alleged accidental death of her husband, A. F. Banke, while on his employer's business. The Service Mutual Insurance Company of Texas, the admitted insurance carrier, has appealed.

The decedent, A. F. Banke, was employed as a night watchman on the water front at Corpus Christi by DePuy, a contractor, who was constructing a sea wall there. Banke had been steadily on that job for seventeen months at the time of his death. It was his duty to patrol the construction job along the water front, and perform certain work in connection therewith. His hours of work were from 6 p. m. to 6 a. m. daily. He went on the job as usual at 6 p. m. July 23, 1940. He was

seen at work out on the job by his son at 11:30 that night. Five hours later, at 4:30 a. m., when it began to rain on the water front, Banke took shelter in a truck operated by another watchman employed on an adjoining job by another contractor. Banke visited with his neighbor for a few minutes and went back towards his beat. He was never seen alive thereafter. At 6:30 a. m. on the following day his body was found in nine feet of water some distance away from his beat and from where he was last seen. There were no abrasions on his body, or any other evidence of external injury. No post-mortem examination was made, nor autopsy held, upon the body. The depth of the water where he was last seen alive was not shown. Decedent was, or at least until recently had been, an excellent swimmer; his health was apparently good at the time and had been for several years. The circumstances or cause of his getting into the water, or whether his death was from drowning or other causes, are matters of the purest conjecture, unless it may be presumed from recitals in a coroner's death certificate issued by the local justice of the peace after the dead body was taken from the water.

The record shows, without dispute, that in 1931 Banke suffered an electric shock which knocked him from a post and threw him to the ground from an elevation of fourteen feet. He was rendered unconscious and remained so for two hours. He was under treatment of several doctors in a hospital and afterwards in his home, and was disabled for two years as a result of the shock, which affected his circulatory system and subjected him to frequent fainting spells during that period. We must assume from the record that none of the results or symptoms of that injury had been manifest during the past eight years, and that, on the other hand, his health had been apparently excellent during that period. The expert medical testimony given upon the trial was that it was equally as probable that Banke met his death as a result of a heart attack as it was that it was caused by accidentally falling in the water and drowning in consequence thereof.

The jury resolved all appropriate issues in favor of appellee. These findings were efficiently challenged by appellant as being without any support by competent evidence. We are of the opinion that appellant's contention should be sustained, unless the findings are supported by recitals in the coroner's verdict, now to be noticed.

As stated, a justice of the peace held an inquest upon the body of decedent and issued a certificate of death, which he filed with the local registrar in purported compliance with the provisions of Art. 4477, Vernon's Annotated Civil Statutes, and particularly Rules 36a, 40a, 41a. A copy of this certificate, properly authenticated by the State Registrar of Vital Statistics, was put in evidence over appellant's objections. Without having taken any evidence, or post-mortem examination or autopsy, the justice of the peace included in the death certificate recitals that Banke's death occurred on July 23rd; that the "primary cause of death was accidental drowning," and "contributory causes were occupation;" that death was "due to accident;" that the "manner or means" of the occurrence was that "he fell into the water;" and that the death or accident "related to occupation." Upon the trial the coroner testified that he based his report solely on information he received from decedent's son who admittedly knew nothing of how, when or under what circumstances the decedent got into the water or met his death. It is conceded that no person ever knew or could throw any light on those circumstances. That being the case, the events preceding and contributing to and actually causing the employee's death are matters of mere conjecture and speculation, which may not be resorted to in determining liability for death. Schumacher v. Missouri Pac. Co., Tex.Civ.App., 116 S.W.2d 1136; Barker v. Heaney, Tex.Civ.App., 82 S.W. 2d 417; Houston Fire & Casualty Ins. Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442.

Appellant timely objected to the admission of the certificate and said recitals therein, and challenged the competency thereof as evidence showing or tending to show that decedent's death was accidental.

We sustain appellant's contentions and hold that the recitals in the death certificate were inadmissible, and that having been admitted were incompetent as evidence upon the issue of the circumstances or cause of decedent's death.

In Texas the rule is that a coroner's inquest is authorized for the sole purpose of detecting crime, and that the resulting death certificate cannot be given effect in a civil action to determine the private rights of persons affected by the death. Boehme v. Sovereign Camp, W. O. W., 98 Tex. 376, 84 S.W. 422, 4 Ann.Cas. 1019; Polk County v. Phillips, 92 Tex. 630, 51 S.

W. 328; Aetna Cas. Co. v. Love, 132 Tex. 280, 121 S.W.2d 986; Langlitz v. American Nat. Ins. Co., Tex.Civ.App., 146 S.W.2d 484; Texas Employers' Ins. Ass'n v. Ritchie, Tex.Civ.App., 75 S.W.2d 942; Dent v. National Life & Acc. Ins. Co., Tex.Civ.App., 6 S.W.2d 195. The coroner's certificate and the recitals therein must therefore be disregarded.

All the other evidence in the case, considered most favorably to appellee, no more reasonably warrants an inference that the decedent's death resulted from an accident than it warrants an inference that it resulted from a heart attack. Appellee failed to respond to the burden, which was hers, to show the decedent's death was accidental and incurred in the line of duty. The obvious fact that appellee could not meet this burden in the wholly obscured circumstances of the case can be given no weight in determining the rights and liabilities of the parties.

We conclude that the verdict and judgment are without support in the evidence and must be set aside, and as it plainly appears that the case was fully developed, no purpose could be served by a remand. Accordingly, the judgment is reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.