INTERNATIONAL INSURANCE
COMPANY, Appellant,

v.

Novilene DEATHERAGE, Appellee.

No. 13102.

Court of Civil Appeals of Texas,
Austin.

Sept. 24, 1980.

Rehearing Denied Oct. 29, 1980.

Jerry P. Campbell, Naman, Howell, Smith, Lee & Muldrow, Waco, for appellant.

Don R. Wilson, Wilson, Saringer, Hacker & Wilson, Abilene, for appellee.

SHANNON, Justice.

Appellant International Insurance Company appeals from the judgment entered by the district court of Bell County in favor of appellee Novilene Deatherage, the surviving widow of James Thomas Deatherage, in a worker's compensation case. This Court will reverse that judgment.

The question on appeal concerns whether the workman died as a result of injuries received in the course of his employment. The jury answered that he did.

Fragments of Deatherage's skull and other bones were discovered on March 9, 1978, in the ashes of his house trailer. The trailer had been parked on the premises of his employer's asphalt plant. Deatherage had been employed by Jagoe–Public as a night watchman at the company's plant located in western Bell County.

By four points of error, the insurance company attacks the judgment arguing that the jury's answer as to course of employment was supported by no evidence or, alternatively, by insufficient evidence.

An injury sustained in the course of employment includes "... all ... injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Tex.Rev.Civ.Stat. Ann. art. 8309 § 1(4)(4) (1967).

The requirements of the statute are not satisfied by proof that injury occurred while the workman was engaged in or about the furtherance of his employer's affairs or business. He must also show that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business, or profession. *Shelton v. Standard Insur. Co.*, 389 S.W.2d 290 (Tex.1965); *Texas General Indemnity Co. v. Bottom*, 365 S.W.2d 350 (Tex.1963); *Walker v. Texas Employer's Insurance Association*, 443 S.W.2d 429 (Tex.Civ.App.1969, writ ref'd). It was appellee's burden, of course, to prove that her husband's death was incurred in the course of employment. *Service Mut. Ins. Co. of Texas v. Banke*, 155 S.W.2d 668 (Tex.Civ.App.1941, writ ref'd).

Deatherage was required to be on duty during the hours of darkness, seven days a week. He had no duties during the daytime and during that time he was not required to be on the premises.

As the asphalt plant was not in operation, Deatherage was usually the only person at the plant site. He reported to his employer once a week by telephone. After Deatherage had not called in for some period, his employer requested the Sheriff of Bell County to investigate.

The fire that consumed the trailer and Deatherage was not part of a larger conflagration. In fact, the trailer was the only equipment or structure that burned. No one saw the fire. There was no evidence proving the time of day, or night, that the fire occurred. Indeed, several days must have passed before anyone knew that the trailer had burned.

In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's finding and consider only the facts and circumstances tending to support those findings. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). The evidence, viewed in the most favorable light, establishes only that Deatherage was in the trailer house when he died. Nothing connects the occurrence, cause, or time, of the fire with Deatherage's employment.

Considering only the evidence most favorable to the jury's finding and disregarding entirely what is opposed to it or is contradictory, *Renfro Drug v. Lewis*, 149 Tex. 507, 235 S.W.2d 607 (1950), this Court is of the opinion that appellant's no evidence point should be sustained unless appellee was entitled to the benefit of a presumption that her husband died in the course of employment.

It is said that, in the absence of evidence that an employee was not engaged in his employer's business, there is a presumption that the accident arose out of and in the course of employment when the employee is found dead at a place where his duties required him to be or where he might properly have been in the performance of his duties during the hours of his work. *Scott v. Millers Mutual Fire Insurance Co. of Texas*, 524 S.W.2d 285 (Tex.1975).

■ This Court has concluded that appellee is not entitled to the presumption that her husband died in the course of employment because she wholly failed to prove that he died "during the hours of his work." *Scott v. Millers Mutual Fire Insurance Co. of Texas, supra.* Deatherage had certain specific hours to work. It was appellee's burden to prove that her husband died during those hours.

Appellee insists that there was indirect evidence proving that Deatherage died during the night hours of February 15, 1978. The basis for appellee's claim is the testimony of Linda Moore, dispatcher for the Nolanville Police Department. An unidentified person called the Nolanville Police Department by "CB" radio about 8:01 p. m. on February 15, 1978, to report a fire near "439 and Quarry Road." Mrs. Moore reported the "CB" call to the fire department. Upon their return to Nolanville, the firefighters reported to Mrs. Moore that they found no fire. Mrs. Moore testified that she, of course, could not state whether or not there had been a fire.

■ Mrs. Moore's testimony was probative only of the fact that she received a report of a fire, and that, thereafter, she received a report from the firefighters that they found no fire. Her testimony was proof that she received the reports, but was not proof of the truth of the matter asserted in the reports. 1 Ray, Law of Evidence § 781 (1980). The content of the reports was hearsay and without probative value whether objected to or not. *Aetna Insurance Company v. Klein*, 160 Tex. 61, 325 S.W.2d 376 (1959). In short, appellee failed to prove by Mrs. Moore that the fire did, or did not, destroy the trailer during the hours of darkness on February 15, 1978. The presumption referred to in *Scott v. Millers Mutual Fire Insurance Co. of Texas, supra*, was never raised because appellee failed to discharge her burden of showing that her husband died "during the hours of his work."

The judgment is reversed and judgment is here rendered that appellee take nothing.

Reversed and Rendered.

## ON MOTION FOR REHEARING

PHILLIPS, Chief Justice, dissenting.

I respectfully dissent.

Inasmuch as the facts of this case are set out in detail in the majority opinion, there is no need to state them here.

The jury found that Deatherage died on February 15, 1978, and that his death was caused by injuries received in the course of his employment. Based on this verdict, the trial court entered judgment granting the deceased's surviving claimant and the plaintiff below, the award in question. I would affirm the judgment.

The majority of this Court held that appellee failed to prove that the deceased died during the hours of work. In my judgment this holding is erroneous for several reasons.

In the first place the evidence in the case, whether direct or circumstantial, supports the jury's verdict, *Kentucky Central Life Insurance Co. v. Fannin*, 575 S.W.2d 76 (Tex.Civ.App.1978, no writ). The deceased was found at a place where he might properly have been during the hours of his work.

Indeed, there is evidence in the record that the deceased, by his very presence on the plant location, served as a deterrence to burglary or vandalism, and the jury so found by inference.

Moreover, in my opinion, the majority has misplaced the burden of proof by placing it on appellee rather than on appellant. Appellee's spouse was found dead where his duties required him to be. If he wasn't killed in the course of his employment, it was up to appellant to prove otherwise. *Scott v. Millers Mutual Fire Ins. Co. of Texas*, 524 S.W.2d 285 (Tex.1975).