Jesse DE LA ROSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 68976.

Court of Criminal Appeals of Texas, En Banc.

March 9, 1983.

Rehearing Denied April 13, 1983.

---

**164**

Chrysanthe A. Lambros, Ronald P. Guyer, San Antonio, for appellant.

Bill M. White, Dist. Atty. and Dick Ryman, Charles Estee, Steve Hilbig & Miguel Martinez, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder. Punishment is death, the jury having answered the punishment issues submitted to it affirmatively. Art. 37.071, V.A.C.C.P.

In over twenty grounds of error appellant raises issues concerning the jury selection process, jury misconduct during deliberations, the charge of the court on various issues, competency to stand trial, admissibility of the confession, bolstering, extraneous offenses and jury arguments.

In his first ground of error appellant contends a juror withheld information during voir dire. In his brief appellant argues the juror failed to reveal

"(1) that his stepfather had been charged with, and convicted of, the offense of murder; (2) that he was imprisoned in the state penitentiary for this crime; (3) that his stepfather was later released from prison; and (4) that following his release, he again committed the offense of murder."

Before a conviction will be reversed on the ground urged, it must be shown that the information was in fact withheld. On this requirement the Court in *Jones v. State*, Tex.Cr.App., 596 S.W.2d 134, 137, stated:

"... defense counsel has an obligation to ask questions calculated to bring out that information which might be said to indicate a juror's inability to be impartial, truthful, and the like. Unless defense counsel asks such questions, we must hold, as we do here, that the purportedly material information which a juror fails to disclose is not really 'withheld' so as to constitute misconduct which would warrant a reversal." (citations omitted.)

Appellant, apparently in anticipation of this requirement, relies on four questions in his *brief* that the juror was allegedly asked. Our examination of the record at the points cited in the brief does not reveal "questions calculated to bring out" the information now contended to have been

withheld. The question closest to the mark was this

"Have you ever had the occasion to be interested in the outcome of a criminal case? Have you ever had a particular case that caught your eye and you followed it, and watched the papers, and read about it?"

The answer to this question was:

"Well, I can't recall anything that I followed through. I read occasionally but just didn't follow through on it."

It is apparent that the second question qualified or replaced the first, and that the juror answered the second question, not the first. It does not appear there was a diligent effort to learn whether the juror had any relative who had been convicted of a crime. The juror did not *withhold* facts about his stepfather (who had died approximately thirty years before).

The ground of error is overruled.

■ In the next two grounds of error appellant alleges jury misconduct and the receipt of new evidence during jury deliberations. Among the jurors testifying at the hearing on motion for new trial was one who testified that the comments on which appellant's grounds of error are based were made *after* the verdict was reached, while the jurors were waiting to return to the courtroom. Such conduct would not constitute grounds for a new trial because it occurred after completion of jury deliberations. The conflict in the evidence at the hearing on the motion for new trial was a matter for resolution by the trial court. *McCartney v. State*, Tex.Cr.App., 542 S.W.2d 156, 162. The grounds of error are overruled.

■ Next appellant asserts error is present in the jury charge because the paragraph applying the law to the facts authorizes conviction on a lesser culpable mental state (i.e., knowingly) than what the law and the indictment required (intentionally). Overlooked by appellant are the two paragraphs immediately before the one of which he complains. These paragraphs required the jury specifically find the matter urged by appellant before it could convict:

"Before you would be warranted in convicting the defendant of capital murder, you must find beyond a reasonable doubt not only that on the occasion in question that the defendant, either acting alone or together with another as a party, was engaged in the commission of the felony of robbery, but also that during the commission of the robbery the defendant, either acting alone or together with another as a party, intentionally caused the death of the deceased by shooting the deceased with the intentions of thereby killing him.

"Unless you find from the evidence beyond a reasonable doubt that the defendant, on the occasion in question either acting alone or together with another as a party to the offense, specifically intended to kill the said deceased when he shot Masoud Ghazali, if he did shoot him, you cannot convict the defendant of the offense of capital murder."

The ground of error is overruled.

■ In a later ground of error appellant challenges the last above quoted paragraph as constituting a comment on the weight of the evidence. He specifically attacks the phrase, "when he shot Masoud Ghazali." The next phrase, "if he did shoot him," eliminates the potential improper impact of the first phrase on the jury. Furthermore, the objection at trial made no assertion that the charge was a comment on the weight of the evidence, and therefore was not sufficient. *Harrington v. State*, Tex.Cr.App., 424 S.W.2d 237, 241. The ground of error is overruled.

The fifth ground of error contends the trial court should have conducted a competency hearing sua sponte. Art. 46.02, Sec. 2, V.A.C.C.P. That statute provides:

"Sec. 2(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his

counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

"(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial."

The facts on which appellant relies concern events that occurred *before* trial, so by its terms Sec. 2(a), supra, not Sec. 2(b), applies. Under the terms of that provision the accused or his counsel may raise the issue by written motion (which was not done here, counsel expressly stating in the record that the defense did *not* desire to raise a competency issue), or the issue may be raised by the court sua sponte *only if* the court determines there is evidence to support a finding of incompetency. The trial court here made no such finding.

■ Instead, what happened here was: when appellant presented evidence at a hearing on his motion to suppress the confession, he presented psychiatric evidence on the issue of his capacity to make a knowing and intelligent waiver of his constitutional rights. The trial court on this evidence thought competency might be in issue and ordered appellant examined by a psychiatrist. On advice of counsel, who had elected not to raise a competency issue and who was present at the scheduled examination, appellant refused to participate. We find the trial court's failure to conduct a competency hearing before trial was not error. Furthermore, we note that Sec. 2(b), supra, which is quoted in appellant's brief and relied on for this ground of error, applies to the issue of competency when raised by evidence during the course of the trial, and therefore does not apply here. The ground of error is without merit.

■ In his sixth ground of error appellant asserts it was error to deny a circumstantial evidence charge. Such a charge is no longer required in Texas. *Hankins v.* *State,* 646 S.W.2d 191 (No. 60914, 3/1/83). The ground of error is overruled.

■ Next appellant contends he was entitled to a charge on the lesser included offense of murder. In *Wilder v. State,* Tex.Cr.App. 583 S.W.2d 349, 361, a capital murder case in which the same issue was raised, the Court stated:

"It is well established that a charge on a lesser included offense is not required unless there is testimony raising the issue that the accused, if guilty at all, is guilty of a lesser included offense included in the greater offense charged [citations omitted].

"Appellants offered no evidence and did not testify. There is no evidence that they did not intend to kill the deceased while in the course of robbing him. There is nothing to show appellants would be guilty of only the lesser included offense of murder."

Such is the posture of this case. In his brief appellant merely argues that the jury could have disbelieved part of his confession and thereby find him guilty only of murder. He presents no argument that evidence affirmatively raised the issue.

The ground of error is without merit.

The next four grounds of error concern the admissibility of appellant's confession. All four grounds relate to the failure to take appellant before a magistrate at the time of arrest, Art. 15.17, V.A.C.C.P., until after the confession was obtained. The first three of these grounds concern denial of the motion to suppress. The fourth concerns denial of a jury charge on the issue under Art. 15.17, V.A.C.C.P.

From the structure of appellant's argument it is apparent that he is aware of the requirement for presenting reversible error for admission of a confession when Art. 15.17, supra, is implicated. It must be shown that there was an unreasonable delay in taking the defendant before a magistrate, *and* that there is a causal connection between that delay and the making of the confession. *Maloy v. State,* Tex.Cr.App.,

582 S.W.2d 125, 128; *Myre v. State,* Tex.Cr. App., 545 S.W.2d 820, 824–825.

The record at the hearing on the motion to suppress shows appellant was arrested at about 5:30 in the afternoon, arrived at the police station about 6:00, and gave two confessions, the first at about 7:00 p.m. and the second at about 8:00 p.m. The night magistrate did not come on duty until 8:00 p.m. Appellant was warned of his constitutional rights when he was arrested and again when each confession was taken. When asked if he wanted an attorney, he said he would rather see his brother. After seeing his brother appellant said he wanted to confess, and the confessions were given. Viewing the evidence in the light most favorable to the trial court's ruling, the confession admitted at trial was not the result of any delay in taking appellant before a magistrate.

The jury was charged on the admissibility of the confession under Art. 38.22, V.A.C.C.P., and the facts of the case. The trial court refused to submit a charge under Art. 15.17, supra. The evidence before the jury showed appellant arrived at the police station after arrest at about 6:00 p.m., that the night magistrate was not on duty until 8:00 p.m., and that the confession was taken at 8:00 p.m. No evidence before the jury raised an issue that the confession was causally connected to any unreasonable delay.

These grounds of error concerning the confession are overruled.

In another four grounds of error appellant challenges the confession on other grounds and argues that without the confession the evidence is insufficient to support the conviction. This attack on the confession is predicated on the theory that the trial court's order for a psychiatric examination of appellant, discussed above under the fifth ground of error, evidenced a reasonable doubt by the trial court that appellant had sufficient intellectual capacity to make a knowing and intelligent waiver of constitutional rights. The record relied on by appellant does not show the trial

court doubted his capacity. The court said *if* appellant's expert were believed, then a question of his competency *to stand trial* would be implicated as well. The trial court did not find appellant's expert was a credible witness, as is implicitly argued by appellant. The trier of fact is not bound, on the issue of intellectual capacity, by the testimony of experts. *White v. State,* Tex. Cr.App., 591 S.W.2d 851, 860. These additional grounds of error concerning the confession are likewise without merit and overruled.

In his twelfth ground of error appellant contends the state was erroneously permitted to bolster the witness who took appellant's confession. Actually, appellant complains that the officer was permitted to testify again after defensive evidence had been presented to the jury raising issues of whether the confession was improperly obtained. As the state points out in its brief, "... the State must satisfactorily explain the accused's allegations of coercion in order to satisfy its burden of proof." *Farr v. State,* Tex.Cr.App., 519 S.W.2d 876, 800. It was not error to allow the witness to be recalled after the defense witnesses testified to specific allegations of improper acts. The ground of error is overruled.

Three grounds of error grouped together for argument in appellant's brief assert evidence of an extraneous offense was erroneously presented to the jury. The two confessions given by appellant after his arrest were for two different crimes that had been committed on the same night. The 8:00 p.m. confession was for the capital murder; the earlier confession was for another robbery. The testimony complained of was elicited during the state's attempt to show appellant understood the warnings he received before giving the confession admitted before the jury. When asked about earlier warnings the officer had given appellant, his answer referred to the giving of a statement. It did not indicate whether the statement was a confession to any offense, much less to an extraneous offense. The other incident of which appellant complains was even more innocuous: the offi-

cer was asked if he had ever explained to defendant his rights, and due to appellant's objection no answer was given. In both instances objections were sustained. This did not constitute evidence of an extraneous offense. It was not error to deny the motions for mistrial. The other two grounds of error argued together here, which assert reversible error for failure to approach the bench before asking these questions, pursuant to a motion in limine concerning extraneous offenses, and for the prosecutor's failure to instruct the witnesses not to volunteer evidence of extraneous offenses, are likewise without merit in light of our holding that no evidence of extraneous offenses was presented.

■ Two grounds of error complain of prosecutorial jury argument. The first refers to eleven instances. Appellant concedes that his objection was sustained in each instance. In only five instances was an adverse ruling secured when the motion for mistrial was denied after the jury had been instructed to disregard the argument. No reversible error is shown.

■ Appellant also argues the prosecutor erroneously argued the parole law. The record reflects:

"Now, ladies and gentlemen, about three or four times during counsels argument, she mentioned that a life sentence meant that this defendant was going to spend the rest of his life in the Texas Department of Corrections, that he would never see the outside world. Something about being up to his neck in sand and never being able to see the outside world or never, ever having the hope of being out, and I would just want to point out to you, that the authority in this State that decides when a person gets out on any kind of a sentence, is strictly under the control of the Texas Board of Pardons and Paroles.

"MS. LAMBROS: Your Honor, I object.

"MR. RYMAN: May I finish my statement before—

"MS. LAMBROS: I object. I'm objecting at this point. Your Honor, any dis-

cussion of parole in this case is entirely improper if Mr. Ryman has thoughts of parole for this man, perhaps he doubts whether this man is going to be a continuing threat to society.

"THE COURT: State your objection.

"MS. LAMBROS: Your Honor, my objection is that it is a violation of the Motion in Limine, it is improper jury argument. This jury's job is to decide what—

"MR. RYMAN: She has already made her jury argument. If she wishes for an objection—may we approach the bench?

"THE COURT: Your objection is overruled. Move on, Mr. Ryman.

"MS. LAMBROS: Note our exception, Your Honor.

"MR. RYMAN: Ladies and gentlemen, defense counsel is right. It's not proper for the State to talk about the Board of Pardons and Parol and what they do, but when she misleads the jury or in law they say 'opens the door.' I just don't want you to be misled in thinking that the life sentence necessarily means that the person spends the rest of his life in prison because that is strictly up to the Board of Pardons and Parol and you can't talk about what they do or how they decide it. But I didn't want you to be misled about that and I want you to remember that when you think about the proper disposition in this case."

The state's argument was invited by appellant's argument that a life sentence would mean spending the rest of his life in prison. The state's argument was not improper, because it restricted its reply to correcting the misstatement made in appellant's argument, and it also cautioned the jury that they could not consider what the Board of Pardons and Parole might decide. The ground of error is overruled.

Finally, appellant asserts the cumulative effect of the various errors previously argued require reversal. Such a ground of error presents nothing for review. *Davis v. State,* Tex.Cr.App., 513 S.W.2d 928.

The judgment is affirmed.

MILLER, J. not participating.