Thomas Everett WASHBURN,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0457–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 6, 1985.

John D. Roosa, Houston, for appellant.

James H. Keeshan, Waller County Dist. Atty., Michael Wade, Peter C. Speers, III, Waller County Asst. Dist. Attys., Conroe, for appellee.

Before COHEN, JACK SMITH and SAM BASS, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of murder and assessed punishment of life imprisonment.

■ In his first three grounds of error, appellant argues that: 1) his motion to dismiss for lack of venue should have been granted because the evidence showed that both the cause of death and the death occurred in Harris County; 2) the jury charge improperly permitted appellant to be convicted under Tex.Code Crim.P.Ann. art. 13.07 (Vernon 1977), which did not apply to this case; and 3) the charge erroneously stated that venue in Waller County was proper if the victim died in Waller County or if her body was found there.

All three grounds are predicated upon article 13.07 of the Code of Criminal Procedure which provides:

If a person receives an injury in one county and dies in another by reason of such injury, the offenses may be prosecuted in the county where the injury was received or where the death occurred, or in the county where the dead body was found.

Appellant contends that since the evidence showed that the victim both received injuries and died in Harris County, venue could not lie in Waller County solely due to her body having been found there. He argues that, under article 13.07, venue would lie in Waller County only if the victim were injured in Harris County and died in Waller County. He cites no cases for this proposition.

The State does not dispute appellant's contention that both the death and the injury causing it occurred in Harris County. The State argues that regardless of where the injury and death occurred, art. 13.07 permits prosecution in three possible counties, one being where the body is found.

In *McCaine v. State*, 152 Tex.Cr.R. 108, 211 S.W.2d 190, 191 (1948), a case involving facts very similar to those presented here, the Court reviewed the history of article 13.07 and noted that, in 1935, the Legislature added the phrase "or in the county where the dead body is found" to the existing statute. The Court concluded that this addition reflected the legislature's desire to enlarge the scope of the article to encompass a third place of venue, the county where the body is discovered. *Id.* The same result was reached in *Gunn v. State*, 170 Tex.Cr.R. 288, 340 S.W.2d 496 (1960), and *Edwards v. State*, 427 S.W.2d 629 (Tex.Crim.App.1968). *McCaine* and *Edwards* were death penalty cases, and they, like *Gunn*, were unanimously affirmed.

We note that the statute does not, by its terms, allow the result reached in *McCaine*, *Gunn* and *Edwards*. The Court of Criminal Appeals admitted this when, in *McCaine*, it wrote concerning an argument identical to that made herein, "Such contention is not an unreasonable one in view of the language of article 195, as it is brought forward in Vernon's Ann.C.C.P." 211

S.W.2d at 196 (op. on reh'g.) Nevertheless, the *McCaine* interpretation has repeatedly and unanimously prevailed. Furthermore, the Legislature, whose intent in 1935 was the basis for the *McCaine* decision, has met and adjourned 25 times without changing the pertinent language. In view of the Legislature's presumed knowledge of judicial decisions construing the statutory ancestors of art. 13.07, we conclude that the Legislature agrees with the meaning the courts have ascribed to this statute.

Grounds of error one, two and three are overruled.

The fourth ground of error asserts that venireman Spinks, who served as a juror in the case, was guilty of jury misconduct because he withheld information during voir dire examination which, if known, would have caused defense counsel to use a peremptory strike to remove him from the jury panel. After the trial, the defendant learned that Spinks had been convicted of the offenses of driving while intoxicated and disorderly conduct, and that his father had been stabbed to death by a murderer who was ultimately imprisoned for the offense.

> During voir dire, defense counsel asked:
>
> Now, then has anyone on this jury panel ever had an interest in the outcome of a criminal case? By that, I mean, have you ever been charged with a crime, or perhaps have a close friend or loved one who was charged with a crime or was perhaps a victim of a crime? Now, in that context, have any of you ever had an interest in the outcome of a criminal case?

At least two panel members responded affirmatively and were questioned by defense counsel. The record shows no questions on this subject directed to Spinks and reflects no affirmative response by him to the question.

On the day appellant was sentenced, April 23, 1984, he made a motion for new trial, asserting that, among other things:

> 3. A juror is guilty of improper conduct. The juror misconduct is of a magnitude

that Defendant was denied a fair and impartial trial.

The motion was unsworn and had no supporting affidavits attached. On June 14, 1984, appellant filed a first amended motion for new trial, which was sworn to only by his attorney. No other supporting affidavit was attached.

A hearing on the amended motion for new trial was conducted on June 14, 1984, and Spinks testified as stated concerning his convictions and his father's death. The record of that hearing does not disclose whether Spinks heard defense counsel's questions on voir dire, understood them, raised his hand or otherwise responded affirmatively, or deliberately withheld information.

Defense counsel testified that he did not know Spinks's history until after the trial; that he "would not have felt that [Spinks] would have been a proper juror to serve in this particular case"; and that he did not feel that Spinks being on the jury "assisted my client in receiving his constitutional right of a fair and impartial jury to hear his case." There was no specific testimony that he would have used a peremptory strike on Spinks.

We observe that Spinks was not a juror at the time of the alleged misconduct, and, therefore, the issue is not one of jury misconduct. We view the issue of a venireman withholding information during voir dire as an allegation of denial of due process of law.

■ We further observe that the due process violation claimed in this ground of error is not one of the exclusive grounds for which a motion for new trial may be granted in a felony case. *See* Tex.Code Crim.P.Ann. art. 40.03 (Vernon 1979). In addition, the June 14 motion was without merit because it was untimely, having been filed more than 30 days after sentence was imposed, a date outside the time limits of Tex.Code Crim.P.Ann. art. 40.05(a)(b) (Vernon Supp.1985). *See Dugard v. State*, 688 S.W.2d 524 (Tex.Crim.App.1985) (op. on State's mtn. for reh'g). Further, the origi-

nal motion for new trial of April 23, 1984, is insufficient to raise the claim of jury misconduct because it is not sworn and has no supporting affidavits. *Cartwright v. State*, 612 S.W.2d 609 (Tex.Crim.App.1981); *Browning v. State*, 432 S.W.2d 85 (Tex. Crim.App.1968); *McCune v. State*, 156 Tex. Cr.R. 207, 240 S.W.2d 305 (1951). The defect is not remedied by the fact that the court heard the motion. *Cartwright*, 612 S.W.2d at 610; *McCune*, 240 S.W.2d at 308–09.

Despite these procedural barriers, however, we will discuss the merits of the ground of error, because a hearing was held, and it is unclear whether the general procedural requirements concerning oaths, affidavits, and timely filings control the disposition of motions for new trial asserting grounds not included in art. 40.03, such as due process denials. In such cases, the trial court may lack statutory authority to grant a new trial, because the error asserted, while proper for relief from an appellate court, may not be granted by a trial court due to the mandatory language of art. 40.03 that, "new trials, in cases of felony, shall be granted the defendant for the following causes, *and for no other* ...." (emphasis supplied) Denial of due process of law · is not listed among "the following causes."

■ Having reached the merits, we conclude that the ground of error must be overruled. In *De La Rosa v. State*, 658 S.W.2d 162 (Tex.Crim.App.1983), the Court, in a death penalty case, unanimously held that a multi-faceted question, less complex than the one asked of the venire in the instant case, was not sufficiently calculated to · bring out the missing information, so that the venireman's failure to respond did not constitute withholding information. 658 S.W.2d at 164–65. Furthermore, as stated, the record does not contain evidence that Spinks heard the questions, understood them, and did not raise his hand in response to them. Finally, there is no express statement from trial counsel that he would have used a peremptory challenge upon Spinks. The evidence is thus insuffi-

cient to show that information was withheld so as to constitute a denial of due process of law.

The fourth ground of error is overruled.

The judgment is affirmed.