James Edward STOWE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00583–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1988.

Donald K. Brown, Morris, Brown, & Davis, Conroe, for appellant.

Daniel W. Leedy, Co. Atty., Austin County, for appellee.

Before JACK SMITH, COHEN and HOYT, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of driving while intoxicated and assessed his punishment at three months confinement, probated for a year, and a fine of $200.

■ Appellant brings two points of error, contending that he was denied a fair and impartial trial by false and misleading answers given by two jurors in voir dire, thereby causing a biased or prejudiced juror to be selected. Appellant asserts that his peremptory strikes would have been used to strike Juror Voscamp, the presiding juror, and Juror Davis, if they had truthfully answered questions at voir dire examination.

The voir dire examination was not transcribed and is not part of our record on appeal. The only record before us is that of appellant's motion for new trial wherein appellant's counsel attempted to introduce his own affidavit. This affidavit stated that two jurors gave totally different answers after the jury verdict was returned and the jury was released, when they were questioned by both counsel about the verdict. Both jurors allegedly then stated their opinion that anyone who drinks alcohol and drives in Austin County is "automatically" guilty of driving while intoxicated. Moreover, they allegedly stated that drinking any amount of alcohol would cause mental or physical impairment of one's faculties.

A new trial shall be granted when the court finds that the jury has engaged in such misconduct that the accused has not received a fair and impartial trial. Tex.R. App.P. 30(b)(8). The court is authorized to hear evidence by affidavit or otherwise and determine the issues. Tex.R.App.P. 31(d). The motion for new trial is addressed to the sound discretion of the trial judge, and will be overturned on appeal only by a showing of a clear abuse of discretion. *Bolden v. State,* 634 S.W.2d 710, 711 (Tex. Crim.App.1982).

Voscamp and Davis were not jurors at the time of the alleged misconduct; therefore, the issue is not one of jury misconduct, but an allegation of denial of due process of law. *Washburn v. State,* 692 S.W.2d 576, 578 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Although denial of due process is not listed as a ground for a new trial, we will address the merits of appellant's claim.

Appellant contends that his trial counsel's uncontroverted affidavit is sufficient evidence to establish jury bias. An affidavit itself is not evidence, but must be introduced as such at the hearing on the motion for new trial. *Rios v. State,* 510 S.W.2d 326 (Tex.Crim.App.1974). Appellant offered his counsel's affidavit into evidence at the hearing, but the trial court sustained the State's objection as to hearsay. The affidavit was admitted into evidence as appellant's bill of exceptions, and was the only evidence before the trial court. Appellant's counsel testified that the affidavit was true and correct, but did not testify as to the substance of the affidavit.

When a juror does not answer voir dire questions accurately, or has otherwise withheld information during voir dire, the record must show that the juror heard the relevant question and understood it, but did not tell the truth. *See Von January v. State,* 576 S.W.2d 43, 44–46 (Tex.Crim.App. 1978); *Washburn,* 692 S.W.2d at 578. Because voir dire examination was not tran-

scribed, there is no record indicating that the jurors' answers during voir dire were false and misleading.

Moreover, the cases cited by appellant all involved jury misconduct that was proved by affidavits or testimony of the jurors. Appellant has given no reason for failing to secure a juror's affidavit, nor stated that he attempted to obtain one. Generally, before a hearsay affidavit, like the one signed by appellant's counsel, can be accepted as evidence, an attempt to obtain a juror's affidavit must be made. *DeLeon v. State,* 657 S.W.2d 160 (Tex.App.—San Antonio 1983, no pet.) (citing *Prince v. State,* 158 Tex.Crim.R. 320, 254 S.W.2d 1006, 1011 (1953)).

Appellant's first two points of error are overruled.

In his third point of error, appellant claims that the trial court erred in failing to take judicial notice of the statements made by the jurors after the trial because the trial judge was present at voir dire and at the time the statements were made.

█ Tex.R.Crim.Evid. 201(b)(2) provides that the court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Because statements by an individual outside a judicial proceeding may be subject to varying interpretations, we hold that they are not the kind of "adjudicative facts" covered by rule 201, and are not subject to judicial note.

Appellant's third point of error is overruled.

The judgment is affirmed.