OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 6, 1999

The Honorable Donna J. Gordon
Houston County Attorney
100 North 6th Street, Suite 105
Crockett, Texas 75835

Opinion No. JC-0071

Re: Whether a county may pay the autopsy expenses performed as part of an inquest into a death that occurs in a neighboring county (RQ-1155)

Dear Ms. Gordon:

A justice of the peace in one county cannot order an autopsy on a resident of that county who dies in another county. *See* Tex. Att'y Gen. LO-94-060, at 1. Furthermore, because an order to conduct an autopsy on a person who died in another county is void, the justice's county may not pay for the autopsy. *See id.* at 2. You ask whether your county, Houston County, may enter into an interlocal contract with a neighboring county under which the neighboring county pledges to pay expenses on residents of that county who die in the Houston County hospital. We conclude it may not.

We assume you ask about autopsies performed under chapter 49 of the Code of Criminal Procedure, which permits a justice of the peace to obtain an autopsy as part of an inquest. *See* TEX. CODE CRIM. PROC. ANN. arts. 49.01(1), .10(a), (c), (e) (Vernon Supp. 1999) (defining "autopsy" and authorizing justice of peace to order autopsy as part of inquest). A justice of the peace must conduct an inquest into a suspicious or unexplained death that occurs in the county served by the justice to determine whether the death resulted from a criminal act or omission. *See id.* arts. 49.01(2), .04(a) (defining "inquest" and requiring justice of peace to conduct inquest in certain circumstances); *see also Boehme v. Sovereign Camp Woodmen of the World*, 84 S.W. 422, 423 (Tex. 1905) (describing purpose of inquest as "merely to detect crime"); *Service Mut. Ins. Co. v. Banke*, 155 S.W.2d 668, 669 (Tex. Civ. App.–San Antonio 1941, writ ref'd) (stating that inquest's sole purpose is to detect crime). A county must pay "a reasonable fee to a physician performing an autopsy on the order of a justice of the peace" if the physician assesses one. TEX. CODE CRIM. PROC. ANN. art. 49.10(g) (Vernon Supp. 1999).

The Interlocal Cooperation Act (the "Act"), TEX. GOV'T CODE ANN. ch. 791 (Vernon 1994 & Supp. 1999), authorizes a local government, including a county, to contract with other local governments to perform a governmental function or service that each party may perform individually. *See id.* §§ 791.003(4), .011(c)(2) (Vernon 1994) (defining "local government" and listing permissible purposes for interlocal contract, respectively). Governmental functions comprise several broad categories of services such as police protection or public health and welfare, but also

include any function in which the contracting parties have a "mutual interest." *See id.* § 791.003(3) (defining "governmental functions and services").

Paying for a properly ordered autopsy is a governmental function or service for the purposes of the Act. An autopsy ordered and performed under chapter 49 of the Code of Criminal Procedure necessarily implicates a county's interest in detecting criminal activity and protecting the public welfare. *See* TEX. CODE CRIM. PROC. ANN. arts. 49.01(2), .04(a) (Vernon Supp. 1999) (defining "inquest" and listing circumstances in which justice of peace must order inquest). As such, an autopsy generally falls within the types of governmental functions and services the Act contemplates.

We understand that the county where the fatal injury was inflicted, as well as the county where the victim died, may desire to prosecute the homicide. Venue in a criminal prosecution for homicide in which a person receives an injury in one county but dies in another as a result of the injury is proper in the county in which the injury was received, where the death occurred, or where the dead body was found. *Id.* art. 13.07 (Vernon 1977). Thus, it is possible that three counties properly may pursue such a cross-county homicide: (1) the county where the death-causing injury occurred; (2) the county where death from the injury actually occurred; or (3) the county where the dead body was found. *McCaine v. State*, 211 S.W.2d 190, 191 (Tex. Crim. App. 1948); *accord Washburn v. State*, 692 S.W.2d 576, 577 (Tex. App.–Houston [1st Dist.] 1985, no pet.).

Yet, only the county where the death occurred is authorized or required to pay the physician's fee for conducting the autopsy, if a fee is assessed. *See* TEX. CODE CRIM. PROC. ANN. art. 49.10 (g) (Vernon Supp. 1999) ("commissioners court *shall* pay a reasonable fee"). Under chapter 49 of the Code of Criminal Procedure, a county's responsibility to pay for, and a justice's authority to order, an inquest and autopsy hinges upon the location where the death occurred. Chapter 49 does not provide an alternative scheme for a situation in which another county with venue desires to prosecute the apparent homicide.

Consequently, the county where the death occurred may not contract away its duty to conduct and pay for the autopsy. Conversely, a county has no authority to conduct or pay for an autopsy if the death occurred in another county. *See* Tex. Att'y Gen. LO-94-060, at 2. And because the Interlocal Cooperation Act does not authorize a county to perform a governmental function or service for another county where the nonperforming county is not authorized to perform the task itself, Tex. Att'y Gen. Op. No. JM-1197 (1990) at 8, neither county may contract to do that which it otherwise lacks authority to do.

## S U M M A R Y

A county may not contract under the Interlocal Cooperation Act, TEX. GOV'T CODE ANN. ch. 791 (Vernon 1994 & Supp. 1999), to charge for autopsies performed under chapter 49 of the Code of Criminal Procedure on residents of neighboring counties who die in the former county's hospital. Nor may a county contract to conduct or pay for autopsies ordered under chapter 49 of the Code of Criminal Procedure for its own residents who die in a neighboring county hospital.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General