## JOHN SCOTT v. THE STATE.

No. 1525. Decided January 24, 1912.

**1.—Assault to Murder—Newly Discovered Evidence—Want of Diligence.**

Where the diligence to ascertain the evidence after trial could have been exercised before as well as after the trial, and there was no motion for a continuance or a postponement, the motion for new trial alleging newly discovered evidence was correctly overruled.

**2.—Same—Rule Stated—Newly Discovered Evidence.**

A new trial will not be granted for newly discovered evidence which could have been discovered by the use of ordinary diligence.

**3.—Same—Attorney and Client—Affidavits.**

Affidavits to a motion for new trial, setting out newly discovered evidence, can not be taken by counsel interested in the case. Following Maples v. State, 60 Texas Crim. Rep., 169.

**4.—Same—Charge of Court—Aggravated Assault—Adequate Cause.**

Where, upon trial of assault to murder, the charge of the court upon aggravated assault was applicable to the facts and did not require the jury to find more than one thing to constitute adequate cause, there was no error.

**5.—Same—Charge of Court—Self-Defense—More than One Assailant.**

Where, upon trial of assault to murder, the evidence raised the issue of more than one assault, and the court, in his chagre on self-defense, properly submitted the same, there was no error.

**6.—Same—Charge of Court—Specific Intent to Kill.**

Where, upon trial of assault to murder, the court in addition to his charge on aggravated assault and self-defense, submitted the specific intent to kill, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of assault with intent to murder; penalty, eight years imprisonment in the penitentiary.

The State's testimony showed that the defendant cut prosecutor with a knife, over the left nipple, which confined him to the hospital for about two weeks; that prosecutor was not doing anything at the

time to provoke the defendant, and that they had no previous trouble and were not acquainted at the time; that while prosecutor was going home walking down the sidewalk, defendant ran up behind him, and as prosecutor turned his face, cut him with a knife; the prosecutor fell, was picked up and carried to the hospital in an ambulance.

The defendant's testimony was that while he was interfering to stop an altercation between two Mexicans, the prosecutor, also a Mexican, approached and attempted to draw a knife or a gun; that this occurred in a saloon, and that when defendant stepped out, one of the Mexicans, not the prosecutor, struck defendant in the face and ran up the street, defendant following him and prosecutor following defendant; that the Mexican running away kept throwing bricks at the defendant, and that someone cried out to defendant to look out that the prosecutor was going to cut him, and that then defendant turned and struck prosecutor with a knife; that he struck him but once and did not intend to kill him. The defendant introduced no other testimony, but there were several State's witnesses who corroborated the prosecutor's testimony.

*J. S. Baker,* for appellant.—On the question of the court's charge on self-defense: Hackett v. State, 13 Texas Crim. App., 406; Bell v. State, 17 id., 538; Arto v. State, 19 id., 126; White v. State, 23 id., 154.

On question of more than one assailant and court's duty to charge thereon: McLaughlin v. State, 10 Texas Crim. App., 340; Jones v. State, 20 id., 665; Cartwright v. State, 16 id., 473; Muely v. State, 26 id., 274.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question of newly discovered evidence: Burns v. State, 12 Texas Crim. App., 269; Childs v. State, 10 id., 183; West v. State, 2 id., 209; Bell v. State, 1 id., 598.

HARPER, JUDGE.—The appellant was indicted and convicted of making an assault with intent to murder, and his punishment assessed at eight years in the penitentiary.

One ground of his motion on which he seeks a reversal of the case, is alleged newly discovered evidence. The offense in this case is alleged to have been committed in March, at which time he was arrested. The indictment was returned in May, while the trial did not occur until July 14. Defendant alleges that he was a stranger in Dallas, and states that while he knew other parties were present he did not know their names and for this reason did not have them summoned. We fail to see that by the use of the same diligence before the trial, as was used subsequent to the trial, the names of the parties could not have been learned as well before as after the trial. No motion for a postponement or continuance was filed, setting up

these facts and requesting time to learn the names of the parties; in fact, he had from March until July to learn the names, and which he did not do, yet, by the affidavits filed, it appears he did learn their names on the very day that the jury returned a verdict of guilty. In Carrico v. State, 36 Texas Crim. Rep., 618, this court holds that a new trial will not be granted for newly discovered evidence which could have been discovered by the use of ordinary diligence. In this case the motion discloses that defendant knew all that he now claims to know, except the names of the witnesses, and this could have been discovered as well before as after the trial.

There is another matter to which we will here call attention that attorneys may avoid such matters in the future. The affidavits of the witnesses were taken by an attorney in this case. This is not permissible under our practice. In Maples v. The State, 60 Texas Crim. Rep., 169, Judge Davidson discusses this question and cites the authorities, holding that this court will not consider affidavits taken by interested counsel, and for this reason we could not consider this ground in the motion.

The court fairly and fully presented the issue of aggravated assault, and it is not subject to the criticism that the charge required them to find more than one thing to constitute adequate cause. The court told the jury "that an assault or attempt to strike defendant with a brick or other missile, or an attempt to draw a knife, or other weapon on the defendant would be adequate cause," and told them: "You are instructed that if you believe from the evidence that the defendant did cut or stab the said Alfredo Estrada with a knife, but you further believe from the evidence that just prior to such cutting the said Estrada, by his acts and conduct, caused the defendant to believe that he was in danger of unlawful attack from the said Estrada, or that the said Estrada, by his acts and conduct, caused the defendant to believe that the said Estrada was about to draw a knife or other weapon upon him, or that the said Estrada intended to draw such weapon upon him, and you further find that after this the said Estrada undertook to strike him with bricks or other missiles, or by his acts caused the defendant to believe that he intended to strike or injure him with bricks, or other missiles, and you believe that the circumstances were not sufficient, when coupled with all the other antecedent circumstances and circumstances at the time to justify the belief on the part of the defendant, viewing the same as they reasonably appeared to him, from his standpoint, that he was in danger of death or serious bodily injury at the hands of the said Estrada, but that the acts and conduct of the said Estrada, if any, connected with all the facts and circumstances in the case, aroused in the mind of the defendant a sudden passion of anger, rage, sudden resentment of terror, and acting under the influence of such passion, if any, and not in his own justifiable self-defense, as self-defense has been defined to you in this charge, he cut or stabbed the said Estrada

with a knife, then his offense would not be of a higher grade than aggravated assault."

The other allegation in the motion is that the court erred in the charge in making self-defense depend entirely upon the acts and conduct of Estrada alone. If this criticism of the charge was correct, it might have some foundation in the testimony. But we must read the charge as a whole, and we find the court instructed the jury: "On the subject of self-defense you are charged that when there is more than one assailant, the defendant has the right to act upon the hostile demonstration of either one or all of them, and to kill either one of them, if it reasonably appears to him that they are present for the purpose and acting together to take his life or do him some serious bodily injury." Not only did the court thus charge the jury in his main charge, but at the request of defendant he gave the following special charge: "You are instructed that if the defendant at the time of the assault upon Alfredo Estrada (if such an assault was made) had reasonable grounds to believe that an attack was being made upon him, by said Estrada and other Mexicans, which reasonably led the defendant to believe that he was in danger of death or serious bodily harm at the hands of said Mexicans, he cut the said Estrada with a knife in the necessary defense of his person, then you will find the defendant not guilty."

The jury found the defendant guilty of an assault to murder, although the court submitted the issue of aggravated assault and self-defense, and in addition to the charge that the jury must find the specific intent to kill before they would be authorized to find defendant guilty of assault to murder, he at the request of defendant gave them the following special charge: "You are instructed that the fact that defendant inflicted the wound with an instrument reasonably calculated to produce death (if he did so do) is not within itself sufficient to establish an intent to murder. It might be sufficient to infer an intent to kill, and if, from all the testimony and circumstances in the case, you should find that had death resulted from such wound it would not have been murder, then you will not find the defendant guilty of assault with intent to murder."

In his main charge he also gave a charge on reasonable doubt on the different degrees submitted, and fairly and fully submitted every issue in the case.

Judgment affirmed.

*Affirmed.*