## J. A. GLOSSUP V. THE STATE.

No. 18574. Delivered December 16, 1936.
Rehearing Denied February 10, 1937.

The opinion states the case.

*George W. Edwards,* of San Marcos, and *Cotten & Johnston,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, two years in the penitentiary.

It is charged in the indictment that appellant was operating an automobile upon a public highway of this State while intoxicated, and that he did by accident and mistake collide with another car, causing the death of Louise Smith.

We have gone over the bills of exceptions contained in the record, and find nothing in any of them seeming to call for any discussion. None of same manifests any error. The facts are such as to furnish a sad commentary upon the question of drunkenness upon public highways. Without any controversy at all they demonstrate that appellant was driving an automobile upon a highway between San Marcos and Seguin, at a point in Hays County, both he and the man in the car with him being intoxicated, and that they met a car containing Miss Louise Smith and her friend Mr. Conley. Miss Smith said before she died that they saw the car driven by appellant coming on the highway wabbling from side to side, and that they pulled as far off the pavement as possible, but appellant's car drove into them. Appellant's companion Daily was killed, as was also both Miss Smith and Mr. Conley. Further than this recital of the facts there appears no need for discussing them in any way.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that the court below committed error in denying his application for continuance. The record shows that the offense was committed in September, 1933. The case was called for

trial on the present occasion in March, 1936. The application shows upon its face to be the third continuance sought by appellant. The names of only two witnesses were mentioned in the application, but it was set out therein that the names of four others then unknown to appellant could be ascertained from the two named witnesses if they were present. The residence of the two named witnesses was averred to be in Oklahoma, but they were thought then to be somewhere in Texas. The residence of the four unknown witnesses was not stated. As near as appellant ever came to stating what he expected to prove by the absent witnesses was that he averred they were traveling in a truck and were behind appellant's car at the time of the accident and that appellant "knows that said witnesses can give the entire proceedings of the accident because they saw the accident." This court can not assume that if the witnesses could relate the "proceedings of the accident" it would be favorable to appellant. In view of the provisions of Article 543 and 544, C. C. P., regarding applications by a defendant for continuance the court's action in denying said third application seems justified.

Appellant also complains because his motion for new trial predicated on alleged misconduct of the jury was overruled. The motion was not sworn to either by appellant or his attorney. It has always been held that a motion for new trial setting up misconduct of the jury must be verified. See Elder v. State, 97 S. W. (2d) 203 and authorities therein cited.

The motion for rehearing is overruled.

*Overruled.*