### JERRY PRATT V. STATE

No. 31,588. March 30, 1960
Second Motion to Reinstate Appeal Overruled April 13, 1960

MORRISON, Presiding Judge, dissented.

*Floyd D. James,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Roy H. Garwood, John G. Benavides, Mayo J. Galindo,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant now seeks to reinstate his appeal which was dismissed when he filed his personal affidavit requesting its dismissal.

The affidavit of the appellant requesting the reinstatement of the appeal was sworn to before his attorney.

It is a general rule in criminal cases that the attorney for the accused is incompetent to take affidavits to papers, motions, etc., filed therein. 2 Tex. Jur. (2), 404, Sec. 11; Ex parte Scott, 133 Texas, 1, 123 S.W. 2d 306; Teniente v. State, 151 Tex. Cr. Rep. 438, 207 S.W. 2d 379.

We observe that the indictment is in proper form to charge the offense upon which this conviction rests.

The motion to reinstate is denied.

Opinion approved by the Court.

ON APPELLANT'S SECOND MOTION FOR REHEARING

MORRISON, Presiding Judge, (dissenting).

My brethren overrule appellant's second motion to reinstate his appeal without a written opinion, and in so doing I conclude they are in error. Appellant has now furnished this court with a proper affidavit in which he recites that he wishes to prosecute his appeal.

This case should be considered on its merits.

I dissent.