JIMMIE D. MARTIN V. STATE

No. 31,918. April 27, 1960

T. B. Sisco, McKinney, court-appointed, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 5 years.

Appellant's confession, which was introduced in evidence without objection, reads in part as follows:

"Bud Williams had been in my house earlier today and we had been drinking together and we had not been fussing. * * *

About that time Bud Williams came in the front door and started to hit me with a whip. * * * I pulled my knife, opened it, and he run out the front door, and I chased him and cut him about three times. He was running from me, and I caught him in my yard and I cut him one time. I chased him into Mr. Wingfield's yard and caught him and cut him again. * * * After I seen his guts roll out, I folded my knife up and put it in my pocket, and the officers took it out of my pocket when they put me in jail."

Appellant's neighbor Wingfield testified that appellant and deceased came from appellant's house into his front yard, that appellant pushed deceased down near his front steps, that he refused to permit appellant to come in his house and covered deceased's body with a blanket.

It was shown by the testimony of the undertaker and his assistant that deceased died as the result of several knife wounds which severed his intestines and caused them to protrude and, further, that appellant's knife had an overall length of nearly seven inches and was a deadly weapon when used to cut or stab.

Appellant and his older brother, who was present on the occasion, gave conflicting testimony as to what occurred, but the testimony of each of them raised the issue of self defense, which was submitted to the jury and decided adversely to appellant. Appellant testified that he did not know what was in the statement which he had signed because he was in the throes of an epileptic seizure at the time he signed the same. He did, however, admit that that portion of the confession in which he told of deceased's running out the front door and of his catching him in the front yard and cutting was correct.

The jury resolved the conflict in the evidence against the appellant, and we find it sufficient to support the conviction.

In his brief, appellant's court-appointed counsel raises two questions. He first contends that the court erred in failing to grant the motion for new trial based upon allegedly newly discovered evidence. The motion for new trial was not sworn to by appellant or his counsel. The attached affidavit of the allegedly newly discovered witnesses alone will not suffice. Barnett v. State, 160 Tex. Cr. Rep. 623, 273 S. W. 2d 878. We do observe, however, in this connection that both appellant and his brother testified at the trial regarding the presence of an ice pick upon

the person of the deceased and have concluded that the fact that appellant's mother may have later found one near where the assault took place would not have altered the jury's verdict.

We fail to find anything in the record to support appellant's contention that he had not in fact been placed under a peace bond and that therefore state's counsel acted improperly in questioning his reputation witnesses about their having heard of such occurrence.

Finding no reversible error, the judgment of the trial court is affirmed.