Howard **MONTGOMERY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43308.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Thomas A. Sneed, Woodrow W. Weir, Jr., Odessa, for appellant.

John H. Green, Dist. Atty., and John L. Hoestenbach, Jr., Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for murder where the jury assessed the punishment at 14 years.

The sufficiency of the evidence is not challenged. Suffice it to say the State's evidence reflects that the appellant killed the deceased, Beatrice Richardson, by shooting her with a gun in the Zanzibar Lounge in the city of Odessa on the morning of March 2, 1968. It appears the appellant walked up to the table where the deceased was seated and fired two shots, one of which struck the deceased in the neck. She walked out of the lounge followed by the appellant, a car was stopped and she was taken to a hospital where she died. An autopsy revealed she suffocated from a collapsed larynx resulting from the bullet wound.

The appellant testified the deceased was his common law wife and that when he walked up to the table she began to pull a knife out of her bra and he shot in self-defense as he stated, "Don't come up on me with that knife." Two defense witnesses testified the deceased pulled a knife and a third said he saw her reach in her bra and knew she always carried a knife.

The court charged on the law of self-defense and the jury by their verdict rejected the appellant's version of the facts.

The sole question presented on appeal is whether the court erred in overruling the motion for new trial based on newly discovered evidence.

We first observe that the motion is not sworn to, for which reason alone it is not sufficient to present for review

the claimed error in the overruling of the motion based on newly discovered evidence. Browning v. State, Tex.Cr. App., 432 S.W.2d 85; Watkins v. State, Tex.Cr.App., 438 S.W.2d 819; Martin v. State, Tex.Cr.App., 459 S.W.2d 845. Such rule is well established and the attached affidavit of the allegedly newly discovered witness alone will not suffice. Martin v. State, 169 Tex.Cr.R. 423, 334 S.W. 2d 796; Barnett v. State, 160 Tex.Cr.R. 622, 273 S.W.2d 878.

An affidavit of the appellant and of the allegedly newly discovered witness were subsequently and separately filed among the papers of the cause. Appellant's affidavit does not refer to the motion for new trial or its allegations. No later attempt at verification was made.

Despite the defect the court granted a hearing on said motion. Even though a trial court may hear evidence on a non-sworn motion that fact does not relieve the defect, since the motion must be sufficient as a pleading to present the question. Barnett v. State, supra. Nevertheless, we shall note the evidence heard.

The "newly discovered witness," James Lee Henry, who had once been committed to a mental institution, arrested many times for "drunk" and who had been drinking the morning of the hearing, testified he had been outside of the Zanzibar Lounge on the date in question and had heard two shots, then observed the deceased and appellant and "a bunch of people" emerge from the lounge at which time he saw a knife fall. He picked up the knife, took it home and told no one until several days after the trial. He admitted he did not know who dropped the knife and that he lied in his affidavit which stated he saw the deceased drop the same.

■ Putting aside the question of diligence, we cannot conclude that under the circumstances presented the court erred in overruling the motion even if it had

been properly sworn to. The evidence that a knife was dropped by someone outside the lounge shortly after the alleged offense would not be of such a character as would probably change the result if produced on another trial and would be merely cumulative of the evidence given at the trial. See 41 Tex.Jur.2d, New Trial, Secs. 118 and 122.

The judgment is affirmed.