**Herschel M. WADDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47846.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, five (5) years.

Appellant's first ground of error, not supported by authority, that the trial court erred in not granting him probation is overruled. Holgin v. State, Tex.Cr. App., 480 S.W.2d 405; Green v. State, Tex.Cr.App., 474 S.W.2d 212.

His second ground of error is that the trial court abused his discretion in refusing to grant his motion for new trial based upon alleged newly discovered evidence. We shall discuss how this contention arose.

After the jury had returned its verdict of guilty, the defense offered nine character witnesses at the punishment stage.

Among these was Thomas Gant, stepfather of the injured party Hinton. Subsequently, at the hearing on the motion for new trial, Gant testified that he had talked to Hinton in the hospital some two weeks after the shooting. At this meeting, Hinton purportedly made the following statements: "Yes it was my fault. I asked for what I got. I am lucky to be alive. I don't blame anybody. I would shake the man's hand if I seen him on the street, if I recognized him." Gant further testified that he had not made this information known to appellant or his counsel until after appellant's punishment was assessed at five years' imprisonment. He explained that he had not come forward earlier because "I felt nothing would come out of it so I didn't say anything." In Gant's affidavit, annexed to the motion for new trial, he stated that he felt appellant would be found not guilty, and he did not feel it would be necessary to weaken his relationship with his wife, Hinton's mother.

An accused may not secure a new trial by the strategem of failing to call a witness whose identity and knowledge of his case were known or by the exercise of reasonable diligence might have been known prior to trial. Fuqua v. State, Tex.Cr. App., 457 S.W.2d 571, relates to the same situation here presented. See also Hill v. State, Tex.Cr.R., 403 S.W.2d 797, and Gyhart v. State, 157 Tex.Cr.R. 414, 249 S. W.2d 612. However, even putting aside the question of diligence, we cannot conclude that the court erred in overruling the motion for new trial. The statements of the injured party to the effect that he felt the shooting was his fault do not preclude appellant's guilt. At most they are supportive of appellant's theory of self-defense, which the jury chose not to believe. This evidence would not be of such a character as would probably change the result if produced on another trial and would be merely cumulative of the evidence given at the trial. Montgomery v. State, Tex.Cr.

App., 460 S.W.2d 419; 41 Tex.Jur.2d, New Trial, Secs. 118 and 122.

We conclude that the trial court did not abuse its discretion in overruling the motion for new trial.

Finding no reversible error, the judgment is affirmed.

ONION, P. J., and ROBERTS, J., concur in the results.