Jeanie CARTWRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 61237.

Court of Criminal Appeals of Texas, Panel No. 2.

March 11, 1981.

Sam E. Dunn, Orange, for appellant.

William C. Wright, County Atty. and Stephen C. Howard, Asst. County Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of murder; the punishment is imprisonment for seventeen years. This appeal has been abated twice, but all of the record is now before us. The appeal is reinstated.

■ The appellant's first complaint concerns her objection to the record on the hearing of the motion for new trial. The appellant says:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING APPELLANT'S OBJECTION TO THE APPELLATE RECORD WHEN THE COURT REPORTER WHO SIGNED THE TRANSCRIPT OF HEARING ON DEFENDANT'S MOTION FOR NEW TRIAL DID NOT PREPARE THE TRANSCRIPT AND THE TRANSCRIPT FOR THE HEARING WAS NOT PREPARED FROM HER NOTES."

Linda Vermack, the official court reporter at the motion for new trial transcribed the testimony with a stenotype machine and also made a tape recording of the proceeding. The record when first filed in this Court did not include the transcription of the proceedings on the hearing of the motion for new trial; this was one of the reasons for the abatement of the appeal. After the appeal was abated, Edward L. Reed had become the official court reporter. He obtained the recording of the hearing of the motion for new trial, and Reed's wife typed the record. Linda Vermack compared her stenotype notes with the record typed by Reed's wife and found the typed record of the proceedings correct. The transcription of the testimony was signed by Linda Vermack. The appellant's complaint is without merit. She is not entitled to a new trial on this ground.

■ The appellant in her remaining ground of error asserts that there was jury misconduct. She attempts to raise this issue by her amended motion for new trial. The amended motion for new trial was sworn to by the appellant before the attorney who represented her both in the trial and on appeal. A motion for new trial sworn to before an attorney in the case cannot be considered. *Teniente v. State*, 151 Tex.Cr.R. 438, 207 S.W.2d 379 (1947) and the cases cited therein; *Ferguson v. State*, 159 Tex.Cr.R. 169, 261 S.W.2d 721 (1953); *Hicks v. State*, 75 Tex.Cr.R. 461, 171 S.W. 755 (1913); *Maples v. State*, 60 Tex.Cr.R. 169, 131 S.W. 567 (1910). Although there is a juror's affidavit attached to the motion that was sworn to before a notary public other than her attorney, it need not be considered when it is not attached to nor incorporated in a properly verified motion. *Martin v. State*, 169 Tex.Cr.R. 423, 334 S.W.2d 796 (1960); *Ferguson v. State*, supra; *Cartwright v. State*, 158 Tex.Cr.R. 344, 255 S.W.2d 878 (1953); *Burnett v. State*, 73 Tex.Cr.R. 477, 165 S.W. 581 (1914). That the trial court heard the motion is not a remedy for the defect; the motion must be sufficient as a pleading to present the question. *Barnett v. State*, 160 Tex.Cr.R. 622, 273 S.W.2d 878 (1954); *Vowell v. State*, 156 Tex.Cr.R. 493, 244 S.W.2d 214 (1951). In these circumstances the trial court did not err in overruling the motion for new trial.

The judgment is affirmed.