**Bobby Ray BEARDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64148.**

Court of Criminal Appeals of Texas, En Banc.

April 13, 1983.

William B. Smith, on appeal only, Midland, for appellant.

Leslie C. Acker, County Atty., Midland, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is an appeal from a misdemeanor conviction for driving while intoxicated; the punishment is three days confinement and a $200 fine.

The sufficiency of the evidence is not challenged. In his first ground of error, appellant contends that the trial court erred in overruling his motion for new trial because of jury misconduct.

On July 16 and 17, appellant was tried before a jury for the misdemeanor offense of driving while intoxicated. The jury convicted him and appellant elected to have the court set punishment. On July 26, 1979, appellant filed an original motion for new trial. In his motion for new trial, appellant complained of several errors including: "The jury was guilty of misconduct in that the jury considered evidence that was not admitted by the court." The original motion was not verified in any manner. On August 14, 1979, the trial court, by written order, granted appellant leave to file an amended motion for new trial. On that same day, appellant filed the amended motion in which he reasserted his complaint regarding the jury misconduct and made reference to an attached juror's affidavit. The amended motion was not sworn to by the appellant or his attorney. However, the affidavit of juror Johnny Mitchell was properly sworn to and attached to the amended motion for new trial. On August 23, 1979, at the hearing on the motion for new trial, Mitchell's affidavit was introduced into evidence by appellant. Mitchell also testified at the hearing. The State introduced three other jurors' affidavits. On August 31, 1979, the court overruled appellant's amended motion for new trial.

Before deciding the merits of appellant's claim, we must first deal with the State's assertion that the motions for new trial are fatally defective because neither is verified by appellant or his attorney. Appellant, at oral argument, conceded that the motions were not sworn to by appellant or his attorney, but asked us to "change the law" so that a motion for new trial can be verified by appellant, his attorney, *or* by a sworn affidavit from the juror. We think it appropriate to at least clarify the law.

Article 40.03, V.A.C.C.P. provides:

"New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:

\*  \*  \*  \*  \*  \*

"(7) Where the jury, after having retired to deliberate upon a case, has received other evidence . . . ."

Article 40.04, V.A.C.C.P. provides that a new trial may be granted in a misdemeanor conviction for the same cause as stated in Article 40.03(7).[1]

Although the Code of Criminal Procedure has never required that a motion for new trial be verified, case law had long held that, without verification, a motion for new trial based on jury misconduct is insufficient as a pleading. In *Hicks v. State,* 75 Tex.Cr.R. 461, 171 S.W. 755 (Tex.Cr.App. 1914) (on rehearing), the Court went to great lengths to explain and support the rule that when the grounds for new trial are outside of the record an appellant "must support it by his own affidavit *or the affidavit of someone else* specifically showing the truth of the grounds of attack."[2]

"The rules of law above shown, wherein it is expressly required that any ground in a motion for new trial which is extrinsic the record, attacking the verdict of the jury, must and shall be supported by affidavit, in order to even raise the question as to authorize the lower court to consider it at all, is [sic] absolutely essential to the due administration of justice and the proper procedure in the trial of causes in the court below. Otherwise what a floodgate of mere 'fishing' with a dragnet would be turned loose, unsupported by affidavit or the record, or otherwise! . . . The practice in the lower court has all the time been for an accused, *or someone for him,* who knows the facts, to swear to any extrinsic attack of the verdict, in order to have such ground considered." *Hicks,* 171 S.W. at 765–766.

In *Vyvial v. State,* 111 Tex.Cr.R. 111, 10 S.W.2d 83 (Tex.Cr.App.1928) (on rehearing),

we further stated that a motion for new trial which points out extraneous matters which are necessarily hearsay as to the accused must have attached thereto the affidavit of some person who has knowledge of the facts or must name the source of defendant's information and belief that the misconduct occurred, or must state some reason or excuse for failing to produce the affidavits. See *Stephenson v. State,* 494 S.W.2d 900 (Tex.Cr.App.1973); *Clark v. State,* 163 Tex.Cr.R. 54, 289 S.W.2d 288 (Tex.Cr.App.1956); *Vowell v. State,* 156 Tex.Cr.R. 493, 244 S.W.2d 214 (Tex.Cr.App. 1951); *McCune v. State,* 156 Tex.Cr.R. 207, 240 S.W.2d 305 (Tex.Cr.App.1951); *Toms v. State,* 150 Tex.Cr.R. 264, 200 S.W.2d 174 (Tex.Cr.App.1947); *Hughes v. State,* 106 Tex.Cr.R. 550, 293 S.W. 575 (Tex.Cr.App. 1927)

"[T]o hold otherwise would authorize in every case the making of general indefinite motions for new trials upon information and belief without specific averment of fact or supporting affidavit, and in such form as that same would not support prosecutions for perjury, which would compel trial courts to order process for any and all parties that might be desired and to enable the parties thus convicted to go upon limitless fishing expeditions." *Vyvial,* 10 S.W.2d at 84–85.

Clearly, a juror's affidavit, or an explanation for its absence, is required. The question is whether the juror's affidavit without the appellant's verification can be sufficient. The State, in answering this question in the negative, relies on *Wilson v. State,* 171 Tex.Cr.R. 573, 352 S.W.2d 114 (Tex.Cr.App.1961), and *Carruthers v. State,* 143 Tex.Cr.R. 45, 156 S.W.2d 988 (Tex.Cr. App.1941). *Wilson* held that the "unverified motion and juror's affidavit, *taken before appellant's counsel,*[3] were insufficient

---

1. Art. 40.04, V.A.C.C.P. states: *"In misdemeanors.* New trials in misdemeanor cases may be granted for any cause specified in the preceeding Article except that the first cause specified in subdivision 1 of said Article shall not be available as ground for new trial in any misdemeanor case where the maximum punishment may be a fine only."

2. All emphasis supplied by the writer throughout this opinion unless otherwise specified.

3. Affidavits notarized by counsel offering them into evidence are void. *Stubbs v. State,* 457 S.W.2d 563 (Tex.Cr.App.1970); *Pratt v. State,* 169 Tex.Cr.R. 363, 334 S.W.2d 295 (Tex.Cr.

to require a hearing thereon, hence the court's action in overruling the motion is not before us." *Wilson,* 352 S.W.2d at 117. The State does not contend that the juror's affidavit *sub judice* is defective.[4] Thus, *Wilson* is distinguishable on its facts. *See also, Elder v. State,* 131 Tex.Cr.R. 150, 97 S.W.2d 203 (Tex.Cr.App.1936).

■ *Carruthers,* 156 S.W.2d at 988, simply stated, "The motion relied upon is not verified by either appellant or his counsel. Such a motion is fatally defective." *See, Coleman v. State,* 135 Tex.Cr.R. 229, 118 S.W.2d 600 (Tex.Cr.App.1938); *Holloway v. State,* 133 Tex.Cr.R. 359, 111 S.W.2d 251 (Tex.Cr.App.1937); *Glossup v. State,* 135 Tex.Cr.R. 645, 101 S.W.2d 251 (Tex.Cr.App. 1937). Certainly if the motion for new trial alleging jury misconduct is not verified *and* no affidavits are filed to support it, the trial court is justified in overruling the motion. *Boone v. State,* 156 Tex.Cr.R. 327, 242 S.W.2d 380 (Tex.Cr.App.1951); *Yarborough v. State,* 130 Tex.Cr.R. 315, 94 S.W.2d 179 (Tex.Cr.App.1936); *Hicks v. State,* 75 Tex. Cr.R. 461, 171 S.W. 755 (Tex.Cr.App.1914). *Carruthers,* supra, is silent as to whether a properly sworn juror's affidavit was attached to the motion for new trial. Because of this silence, we can only assume that no affidavits were attached and the issue we have before us today was not raised. Therefore, *Carruthers,* like *Wilson,* supra, is distinguishable on its facts.

At oral argument, the State also directed our attention to an opinion decided after appellant's trial. In *Cartwright v. State,* 612 S.W.2d 609 (Tex.Cr.App.1981),[5] a three judge panel held that the defendant's attempt to verify the amended motion for new trial alleging jury misconduct was not effective because the verification was sworn to before her attorney.[6] *Cartwright*

then went one step further and specifically held:

"Although there is a juror's affidavit attached to the motion that was sworn to before a notary public other than her attorney, it need not be considered when it is not attached to nor incorporated in a properly verified motion. *Martin v. State,* 169 Tex.Cr.R. 423, 334 S.W.2d 796 (1960); *Ferguson v. State* [159 Tex.Cr.R. 169, 261 S.W.2d 721] supra; *Cartwright v. State,* 158 Tex.Cr.R. 344, 255 S.W.2d 878 (1953); *Burnett v. State,* 73 Tex.Cr.R. 477, 165 S.W. 581 (1914)." *Cartwright,* 612 S.W.2d at 610.

We think it appropriate to closely examine the authorities used as support for *Cartwright's* holding. The juror's affidavit in both *Ferguson v. State,* 159 Tex.Cr.R. 169, 261 S.W.2d 721 (Tex.Cr.App.1953), and *Burnett,* supra, were sworn to before the defendant's attorney and, unlike the defendant in *Cartwright,* were fatally defective in and of themselves.[7] In addition, *Burnett,* as well as *Martin,* supra, and *Cartwright,* 158 Tex.Cr.R. 344, 255 S.W.2d 878 (Tex.Cr. App.1953), the other two cases used as support in the *Cartwright* opinion, involved motions for new trial based on *newly discovered evidence.*

■ A motion for new trial based on newly discovered evidence calls for the proof of matters known only to the appellant, i.e., that the evidence is *newly* discovered and that there has been no lack of diligence by appellant in discovering same. *Watkins v. State,* 438 S.W.2d 819 (Tex.Cr. App.1969). "We cannot accept the allegations in the motion [for new trial] or in the bill relating to appellant's diligence as proof of such fact." *Cartwright,* 255 S.W.2d at 879. An attached affidavit of a newly discovered witness alone cannot suffice to es-

App.1960); *Scott v. State,* 65 Tex.Cr.R. 40, 143 S.W. 610 (Tex.Cr.App.1912).

**4.** At the hearing on the motion for new trial, the State attempted to argue that the affidavit was defective because it had been sworn to before an investigator hired by appellant's counsel. The State apparently abandoned this contention prior to writing its brief.

**5.** *Cartwright,* supra, according to our research, has not been cited as authority.

**6.** See footnote 3, supra.

**7.** See footnote 3, supra.

tablish what is known only to appellant. *Watkins,* supra.

■ By contrast, a juror's affidavit is the best means of establishing jury misconduct and of preventing the endless "fishing" expeditions so decried in *Hicks,* supra. Thus, the requirements for a motion for new trial based on newly discovered evidence differ from the requirements for a motion for new trial based on jury misconduct. Closely examining all of our prior case law supports this distinction. *Cartwright,* supra, is the only decision not to recognize this distinction. *Cartwright* is inconsistent with the theory behind the requirement that a motion for new trial based on jury misconduct must be supported by *proper* affidavit and is in direct conflict with the holding in *Jackson v. State,* 157 Tex.Cr.R. 323, 248 S.W.2d 748 (Tex.Cr.App.1952). *See also Baltazar v. State,* 373 S.W.2d 753 (Tex.Cr. App.1964).

■ Accordingly, *Cartwright v. State,* 612 S.W.2d 609 (Tex.Cr.App.1981), is hereby overruled. A motion for new trial based on jury misconduct does not necessarily have to be verified by appellant or his attorney. In the instant case, the juror's affidavit supports the motion.

■ We now consider the merits of appellant's complaint. During the trial, the appellant attempted to rebut the officers' testimony as to his intoxication by setting out, in detail, the places he had been the night he was arrested, his behavior prior to his arrest, and the exact amount of alcohol he had consumed. Appellant and nine other witnesses testified on appellant's behalf. On cross-examination, the State elicited brief testimony from some of appellant's witnesses as to the size of the glasses used at the two bars appellant had visited that particular night. At no time was the potency of the drinks discussed, i.e., whether the glasses contained "double" or "single" shots.

Juror Mitchell, in his affidavit, swore that during their deliberations juror Lloyd Hart

"stated that he had personally been to the night clubs which it was testified that Mr. Bearden, the defendant, had been in on the night in question, and he further stated that if the glasses were of the size described, that he, himself had from his own experience ordered drinks, and that the drinks were double shots instead of regular size drinks, and that this would bring the number of drinks to 10 instead of the 5 that Mr. Bearden had testified to. This juror bringing his own personal opinion into the matter definitely influenced the verdict of the jury, and it had a definite influence on my changing my verdict from one of 'not guilty' to 'guilty.'"

At the hearing on the motion for new trial, Mitchell further testified as to the juror's comments:

"But, anyway, and from the description of the glasses that was testified to in this courtroom, he said he knew that those were—would be double shots instead of single shots that had been discussed. And I said, well, then—no, the young lady—and I don't want to implicate any other jurors, but the kid, the youngest lady—

"Q Yes.

"A —she said, 'Well, they mentioned five. They counted up five' or something like that. And they all said, 'That would be ten.' And I said, 'Ten?' and the others said, 'Ten.'

"Q Did that influence your verdict?

"A It influenced—it put the icing on the cake, so to speak, but that was not the only thing.

"Q But, that did influence you verdict?

"A That did influence."

The State introduced three "controverting" affidavits but did not call any jurors to testify at the motion for new trial. After carefully examining these juror affidavits, we fail to find that any of them denied that the statements, as sworn to by juror Mitchell, were made.

Juror Hart, in his affidavit, stated he could not recall whether he mentioned that

he had been to one of the bars and "didn't think" he made any comment concerning the size of the drinks. Juror Bradford stated one of the jurors commented that the size of the drinks testified to "were large enough to be double shots," but he could not recall the juror saying he had personally been to the bars. Juror Somerville stated that Hart did say he knew where the bars were. She also stated, "Although there was discussion of the size of drinks testified to, we agreed that we did not know whether they were single or double shots because the evidence did not indicate."

Clearly, the State did not controvert Mitchell's claim that Hart had told the other jurors that he had been to one of the bars. In fact, the affidavits offered by the State substantiated Mitchell's claim. Nor did the State controvert Mitchell's claim that Hart also said that, because of his knowledge of the particular bars in question, he believed the drinks consumed by appellant were "doubles."

Somerville's affidavit stated that there *was* some discussion about the size of the drinks, but that the evidence did not indicate whether they were "singles or double shots." She is correct, the evidence did not so indicate. Nevertheless, she does not dispute Mitchell's claim that *Hart* made such a statement.

The facts of record previously recited show that this "other evidence" was detrimental to appellant. The amount of alcohol consumed by appellant was one of the central issues, and the juror's statements were adverse to appellant's attack on that issue and influenced the verdict of at least one of the jurors.

The State contends that, although Article 40.03(7), V.A.C.C.P., has created a *per se* rule for felonies requiring a judge to grant a motion for new trial in such cases, see *Hunt v. State,* 603 S.W.2d 865 (Tex.Cr.App. 1980) and *Rogers v. State,* 551 S.W.2d 369 (Tex.Cr.App.1977), misdemeanor convictions do not fall under the same *per se* rule by virtue of the permissive "may" in Article 40.04, V.A.C.C.P. Therefore, the State contends, the judgment should be overturned only if there was a clear abuse of discretion.

We do not find it necessary to address such an issue in this case where there is uncontroverted evidence that the jury, during deliberation, received other evidence that had a harmful, detrimental effect on appellant. See *Trevino v. State,* 582 S.W.2d 111 (Tex.Cr.App.1979). Article 40.03(7) was designed by the legislature to guarantee the integrity of the fundamental right to trial by jury by restricting the jury's consideration of evidence to that which is properly introduced during the trial. See *Rogers,* supra. The right to trial by jury is no less protected because the trial is for a misdemeanor. See Article 1.12, V.A.C.C.P.; Tex. Const., Art. I, § 15.

The trial court erred in overruling the appellant's motion for new trial.

The judgment is reversed and the cause is remanded.