Roger Robin ROE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–84–024 CR.

Court of Appeals of Texas, Beaumont.

April 18, 1985.

Donald M. Brown, Conroe, for appellant.

Lynn Coleman, County Attys. Office, Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

The Appellant was charged with the offense of driving while under the influence of intoxicating liquor. A jury returned a verdict of guilty. The court assessed punishment at a fine of $300.00 and thirty days in jail. The jail time was suspended. Appellant was placed on probation for two years. The Appellant was directed to take eight weeks of alcohol education instructions.

Upon motion, before the trial, the court ruled that no evidence or mention of a breath test or Breathalyzer test or a refusal of such test was to be offered in evidence before the jury. This ruling was heeded and no mention was made of a Breathalyzer test or refusal thereof in the evidence before the jury nor in the charge of the court.

Nevertheless, during the jury's deliberation and before a verdict, the foreman sent a written note to the court as follows:

" 'Question:

"Is a person stopped by an officer of the law suspected of drinking required by law to take a breatholizer [sic] or similar test; or is the suspect given the option to decline such test?

"s/Allan B. Bishop
"Foreman'

" 'A note was then received from the judge. The note reads as follows:

" 'You are not to consider or discuss anything not in evidence before you.

"s/Ellis A. Qualline, Jr.
"Judge"

Appellant timely made two motions for a mistrial and a motion for new trial.

The motion for new trial had attached to it the affidavit of Alan S. Johnson, a member of the jury. At the evidentiary hearing, Alan S. Johnson appeared and testified before the court. He affirmed, in detail, the affidavit. In summary, in deliberations, there was some discussion as to whether a defendant or an accused had a right to refuse a breath test if an arresting officer asked him to take one. Likewise, there was some discussion as to whether an officer had to advise a defendant that the defendant had a right to a breath test and had the right to an offer of a breath test. It seems fair to conclude from this record that some of the jurors stated that an officer had to offer a breath test and the jury realized that there was no testimony of a breath test. There was some discussion or expressed opinions stated about why the breath test was not in evidence, concluding that the Appellant must have refused it.

The evidentiary hearing on the motion for new trial cogently and compellingly shows that before the time of the breath test discussion there was a vote on guilt or innocence. Some of the jurors voted "not guilty" and some voted "guilty" before the breath test was mentioned. After the breath test was mentioned and discussed and after there was a discussion that the Appellant must have refused the breath test, there was another vote taken on guilt or innocence. The jury voted unanimously "guilty". This unanimous vote of "guilty" took place immediately after the discussion of the breath test. It was reiterated and repeated in the evidentiary hearing that in the vote taken immediately after the breath test discussion, every member of the jury voted unanimously for the guilt of the Appellant. Several jurors apparently made comments about the breath test and its consequences and its sequelae.

Although we do not believe it is determinative of the point, Roger Roe testified that he was offered a breath test. He said he told the officer that that was ridiculous

since he had not been drinking. Immediately thereafter, in a matter of seconds, his uncle, Richard Roe, advised him to take the breath test and that within seconds Appellant Roe then said he told the officer that he would like to take the breath test. Appellant's version of the officer's reply was "He said that that is too bad. 'You have already declined to take one. I offered; you declined. I will not give you another chance.'"

In *Bearden v. State*, 648 S.W.2d 688 (Tex.Crim.App.1983), we find the following at pages 689, 690:

"Article 40.03, V.A.C.C.P. provides:

"'New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:

....

"'(7) Where the jury, after having retired to deliberate upon a case, has received other evidence....'

"Article 40.04, V.A.C.C.P. provides that a new trial may be granted in a misdemeanor conviction for the same cause as stated in Article 40.03(7)."

We also believe that it is significant and important that at an evidentiary hearing held on October 4, 1983, (on the motion for mistrial), Joe R. Bush, a juror, testified that some of the jurors commented about having heard that officers will offer a breath test when they stop drivers suspected of drinking and driving. And, further, that some jurors had remarked that the Appellant had a right to decline the breath test if offered. And, further, that some jurors at least speculated that Appellant must have refused to take the test or turned it down because there was no evidence about any type of the Breathalyzer test before the jury. From the record, it is not shown that such discussion was ever refuted by the State.

Juror Bush said that a number of the jurors related that they had heard that officers would offer a breath test upon stopping a motorist and that the motorist had a right to turn it down; that a number of the jurors determined that the Appellant must have turned the test down or the

results would have been in evidence before them. At this evidentiary hearing (on the second motion for mistrial) the court declined to permit the testimony of other jurors, such as Johnson, Harvey, McMath and Kelly, in the interest of time, stating that the other jurors would testify to the same facts and also accepting the contention that these jurors would testify the same as juror Bush. It appears to us that this procedure was acquiesced in by the State.

On the motion for new trial the transcribed, supporting testimony of juror Bush, given at a prior hearing, was properly reproduced and incorporated along with the supporting affidavit of juror Johnson. At the last hearing—being the hearing on motion for a new trial—Alan S. Johnson's affidavit was completely reaffirmed to the effect that several members of the jury stated that the Appellant, Roe, must have refused the test and that he must have felt that he was intoxicated or he would not have refused the test.

■ We find that the testimony and evidence introduced by Appellant Roe at the two evidentiary hearings—being on the second motion for mistrial and the separate motion for new trial—were not refuted or meaningfully controverted by the State. Under this unusual record, because of the sequence of the discussions and the different results of the jurors' votes, we believe that the jury, after retiring to deliberate its verdict, had received other evidence. We find that the character and quality of the other evidence was detrimental to Appellant. It is axiomatic that an accused, under our law, must be tried upon the evidence properly before the jury.

■ We sustain Appellant's Grounds of Error Two and Three to the effect that Appellant's second motion for mistrial and his motion for a new trial should have been granted. *Trevino v. State*, 582 S.W.2d 111 (Tex.Crim.App.1979).

Because of the nature and quality of the misconduct of the jury, we reverse the

judgment and remand the cause for a new trial.

REVERSED AND REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. While not exactly authoritative on a jury's discussion of "breathalyzer" tests, I find the reasoning expressed by the Court of Criminal Appeals in *Sneed v. State*, 670 S.W.2d 262 (Tex.Crim.App.1984) to be persuasive. I believe the five-prong *Sneed* test is applicable to this case. To show that a jury's discussion of the breathalyzer law constitutes reversible error, it must be shown that there was

(1) a misstatement of the law

(2) asserted as a fact

(3) by one professing to know the law

(4) which is relied upon by other jurors

(5) who for that reason changed their vote to guilty.

Even if the testimony at the evidentiary hearing, the affidavit and the testimony at the motion for new trial meet the first three prongs, there is no evidence from any juror that would meet the remaining two prongs. I would affirm the conviction.