**Opinion issued October 11, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-17-00076-CR**

**NO. 01-17-00077-CR**

_____

**RODRIGO CORNEJO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1504147 & 1504825**

---

**MEMORANDUM OPINION**

The State charged Appellant, Rodrigo Cornejo, with intoxication manslaughter and intoxication assault.[1] Appellant pleaded guilty. The jury assessed

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.07(a)(1), 49.08(a) (West 2011).

punishment at 14 years' confinement and 7 years' confinement, respectively. In three issues on appeal, Appellant argues (1) the trial court abused its discretion by not holding a hearing on his motion for new trial; (2) the trial court abused its discretion denying his objections to certain juror members; and (3) he received ineffective assistance of counsel based on his trial counsel's failure to object to other jurors.

We affirm in both appeals.

## Background

After a fatal automobile accident, the State charged Appellant with intoxication manslaughter and intoxication assault. A venire panel was assembled for the trial. During voir dire of the panel, the panel heard the range of punishment available for both charges. The State asked the panel if they could consider the full range of punishment in this case. All but one of the panel members that became jurors answered, "Yes." The one who did not answer affirmatively had been skipped.

Later, one of Appellant's attorneys at trial asked the panel, if they found someone guilty of intoxication manslaughter and intoxication assault, could they ever consider two years' confinement or community supervision. Among others, nine of the twelve members who became jurors and the one member who became an alternate juror answered that they could not.

Appellant's attorney asserted objections to most but not all of the panel members that said they could not consider this range. The trial court overruled all of Appellant's objections. Five of the panel members Appellant objected to were seated on the jury, and one was selected as an alternate juror. Four of the panel members Appellant did not object to were seated on the jury.

Once the jury was empaneled, Appellant pleaded guilty to the offenses. At the end of the sentencing phase of the trial, the jury assessed punishment at 14 years' confinement for the intoxication manslaughter offense and 7 years' confinement for the intoxication assault offense.

After trial, Appellant filed a motion for new trial. In it, he argued that he received ineffective assistance of counsel during plea negotiations. Specifically, he complains that his trial attorneys did not advise him that he would be deported if he were found guilty. Appellant attached the affidavit of his daughter, Olga, to the motion. In her affidavit, Olga testified about what Appellant's trial counsel told Appellant regarding his risk of being deported. Appellant also attached a letter from an attorney discussing the legal consequences of pleading guilty on Appellant's status as a lawful permanent resident. In the letter, the attorney asserts that he met with Appellant and that Appellant asserted he would not have pleaded guilty if he had known the consequences of the plea. The motion was overruled by operation of law without the trial court holding a hearing.

3

## Motion for New Trial

In his first issue, Appellant argues the trial court abused its discretion by not holding a hearing on his motion for new trial.

### A. Standard of Review & Applicable Law

When he presents a motion for new trial based on matters not determinable from the existing record, a criminal defendant is entitled to a motion on the hearing. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1994). Two prerequisites for the hearing are the motion must be supported by an affidavit or other competent evidence and the supporting evidence must "show[] reasonable grounds which would entitle [the defendant] to a hearing on the motion." *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). The defendant does not have to establish a prima facie case for a motion for new trial to be entitled to a hearing. *Id.* Instead, the evidence "must reflect that reasonable grounds exist for holding that such relief could be granted." *Id.*

We review a trial court's denial of a hearing on the motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). "Our review, however, is limited to . . . whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied." *Id.*

**B.   Analysis**

As it applies to this issue, Appellant argued in his motion for new trial that he received ineffective assistance of counsel during plea negotiations.  He argues that his attorneys failed to warn him that, if he were found guilty, he would be deported.  The motion argued that, if Appellant's attorneys had told him this, he would not have pleaded guilty.  The motion was overruled by operation of law without a hearing.  On appeal, Appellant argues the trial court abused its discretion by not holding a hearing on the motion.

The elements for evaluating claims of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (noting that applicable standard for ineffective assistance of counsel claim is same in state and federal cases).   Under the *Strickland* two-step analysis, a defendant must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  In the context of a guilty plea, the second prong of *Strickland* is satisfied by a demonstration of a "reasonable probability that, but for counsel's errors, [the defendant] would have not have

5

pleaded guilty and would have insisted on going to trial." *Ex Parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)).

Ineffective assistance of counsel claims can be raised in a motion for new trial. *Smith*, 286 S.W.3d at 340. They can often concern matters that are undeterminable from the trial record. *Id.* at 341. To have been entitled to a hearing on the motion, though, the defendant must have alleged facts that satisfy both prongs of the *Strickland* test. *Id.*

Appellant relies on the affidavit of his daughter, Olga, to establish ineffective assistance of counsel. In her affidavit, Olga testified about what Appellant's trial counsel told Appellant about his risk of being deported. This evidence does not address the second prong of *Strickland*. *See Ex parte Moody,* 991 S.W.2d at 858 (holding, for guilty pleas, defendant must establish that, but for counsel's errors, defendant would have insisted on going to trial).

The motion also includes a letter from another attorney, which analyzes the legal consequences of Appellant's plea of guilty on Appellant's status as a lawful permanent resident. In the letter, the attorney asserts that he met with Appellant and that Appellant asserted he would not have pleaded guilty if he had known the consequences of the plea. This is hearsay within hearsay. *See* TEX. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of

6

the combined statements conforms with an exception to the rule."); *Sanchez v. State*, 354 S.W.3d 476, 485–86 (Tex. Crim. App. 2011) ("When hearsay contains hearsay, the Rules of Evidence require that each part of the combined statements be within an exception to the hearsay rule."). An affidavit supporting the grounds asserted in the motion for new trial is required to avoid hearsay that would otherwise arise when pointing out matters not already in the record. *See Bearden v. State*, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983) ("[A] motion for new trial which points out extraneous matters which are necessarily hearsay as to the accused must have attached thereto the affidavit of some person who has knowledge of the facts or must name the source of defendant's information and belief that the misconduct occurred.").

To be entitled to a hearing on a motion for new trial based on ineffective assistance of counsel, the Appellant must present sufficient evidence supporting both elements of *Strickland*. *Smith*, 286 S.W.3d at 340–41 (holding, to be entitled to a hearing, "a defendant must allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different"). Because Appellant did not address the second element of *Strickland*, he did not establish a right to a hearing on the motion for new trial. *Id.*; *see also Platas v. State*, No. 14-16-00410-CR, 2017 WL

2384908, at *2 (Tex. App.—Houston [14th Dist.] June 1, 2017, pet. ref'd) (mem. op.) (rejecting *Strickland* claim because defendant failed to show that, but for counsel's errors, he would have insisted on going to trial).

We overrule Appellant's first issue in both appeals.

## Juror Objections

In his third issue, Appellant argues the trial court abused its discretion denying his objections to certain juror members.

### A. Standard of Review

We review a trial court's ruling on a challenge for cause against people on the venire panel for a clear abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010).

### B. Analysis

During voir dire of the venire panel, one of Appellant's trial attorney asked the panel, if they found someone guilty of intoxication manslaughter and intoxication assault, could they ever consider two years' confinement or community supervision.[2]  Nine of the twelve jurors and the one alternate answered that they could not.  Appellant objected for cause to five of those nine jurors and to the one alternate juror based on their answers to this question.  He also objected to other

---

[2]    This was the minimum range of punishment for both offenses. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.34(a), 49.07(c), 49.08(b) (West 2011); TEX. CODE CRIM. PROC. ANN. art. 42A.055 (West 2018).

panel members based on their answer to this question. The trial court denied the objections. Appellant's counsel requested more peremptory strikes, and the trial court denied the request. Appellant used all but one of his peremptory strikes on venire panel members who said they could not consider probation or two years' confinement.

There is some question as to whether the for-cause objections were preserved for appeal. The Court of Criminal Appeals has held,

> To preserve error for a trial court's erroneous denial of a challenge for cause, appellant must show that: (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury.

*Id.* Appellant objected to four out of the nine jurors that said they could not consider two years' confinement or probation if they found him guilty. He identified the basis for his objection for these jurors. He used his peremptory challenges to exclude other venire panel members that answered the same, but the five still got on the jury. He requested further peremptory strikes, and the trial court denied the request. We hold this issue has been preserved for appeal.

The State points out that all of the jurors who said they could not consider the lowest possible punishment for the offenses answered differently to another question. Earlier in the venire panel voir dire, the State discussed the range of punishment for the offenses charged against Appellant. The State then asked the

9

venire panel if they could consider the entire range of punishment—from the minimum to the maximum—if they found Appellant guilty. All but one of the panel members said they could.[3]

"When a venire member's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision." *Id.* Because the jurors about whom Appellant complains gave contradictory answers to what range of punishment they could consider if they found Appellant guilty, we must defer to the trial court's ruling.

We overrule Appellant's third issue in both appeals.

## Ineffective Assistance of Counsel

In his second issue, Appellant argues he received ineffective assistance of counsel based on his trial counsel's failure to object to certain jurors.

## A.     Standard of Review

The Sixth Amendment to the United States Constitution guarantees the right to the reasonably effective assistance of counsel in criminal prosecutions. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see* U.S. CONST. amend. VI. To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and

---

[3]     One panel member was skipped during this round of questioning. The skipped panel member responded to Appellant's question by saying she could consider two years' confinement or probation if she found Appellant guilty.

10

(2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).

Appellant has the burden to establish both prongs of *Strickland* by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. We apply the same two-prong *Strickland* standard of review to claims of ineffective assistance of counsel during both the guilt and punishment phases of trial. *Hernandez v. State*, 988 S.W.2d 770, 772–74 (Tex. Crim. App. 1999).

**B. Analysis**

Appellant objected to four out of the nine jurors that said they could not consider two years' confinement or probation if they found him guilty. He did not object to the other five that said they could not. Appellant argues his trial counsel was ineffective for failing to object to these five. To prevail on ineffective assistance of counsel based on a failure to raise an objection, the appellant must show that, had his counsel objected, the objection would have been sustained or that it would have been error for the trial court to overrule the objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) ("[I]n order to argue successfully that her trial counsel's failure to object to the State's questioning and argument amounted to ineffective assistance, appellant must show that the trial judge would have committed error in overruling such an objection."); *Frohne v. State*, 928 S.W.2d 570, 576 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (holding appellant failed to carry burden by showing objection would have been sustained).

We have noted that, for the four jurors to which Appellant did object, the trial court overruled Appellant's objections. We have held that this was not an abuse of the trial court's discretion. Appellant offers no proof that the trial court would have

ruled differently for these five jurors[4] or that the trial court would have abused its discretion by overruling such objections.

We overrule Appellant's second issue in both appeals.

## Conclusion

We affirm the judgment of the trial court in both appeals.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] As we have observed, all of the jurors who said they could not consider the lowest possible punishment for the offenses also answered to another question that they could consider the entire range of punishment. *See Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010) ("When a venire member's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision.").